UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| VINCENT E. STUART, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 16-cv-12559-IT |
| TOWN OF FRAMINGHAM, and BRIAN SIMONEAU, Assistant to the Chief of Police of the Town of Framingham, individually, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL
DISCOVERY FROM DEFENDANTS**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Plaintiff Vincent E. Stuart ("Stuart") respectfully submits this Memorandum in support of his Motion to Compel Discovery from Defendants Brian Simoneau ("Simoneau") and Town of Framingham (the "Town") (collectively, "Defendants").

Despite several months of repeated promises and assurances that documents and answers to interrogatories would be forthcoming, Defendants have failed to produce one document or answer a single interrogatory. Throughout, Stuart has extended several professional courtesies to Defendants' counsel and attempted to confer to narrow areas of dispute, mindful that the purpose of Rule 37 is to not clog the Court with discovery disputes that could easily be resolved by the parties. However, following the expiration of the latest deadline by which Defendants proposed to produce documents, and immediately upon notice that Stuart intended to arrange for a telephonic conference with the Court to discuss the outstanding discovery requests, Defendants'

counsel for the *very first time* apprised Stuart's counsel that Defendants intend to seek a stay of discovery pending the outcome of their motion for partial judgment on the pleadings. Dkt. No. 27 (filed on June 29, 2017). The Defendants' refusal to comply with their discovery obligations and fulfill their promises was particularly surprising where: (1) the so-called "dispositive" motion is not dispositive, as it concerns only two of seven counts in the First Amended Complaint; (2) Defendants' counsel participated in discovery conferences and continued making assurances about Defendants' document production and interrogatory answers well *after* the "dispositive" motion was filed; and (3) the Town is a public entity subject to the Massachusetts Public Records Law such that many of the documents Stuart is requesting are public records to which any citizen is entitled even in the absence of litigation.

Simply stated, this is not the way the judicial process is supposed to work. Accordingly, Stuart respectfully seeks an order compelling Defendants to immediately produce all documents responsive to the document requests, answer all propounded interrogatories, and provide a privilege log consistent with Fed. R. Civ. P. 26(b)(5). In addition, Defendants' flagrant violations of their discovery obligations, including the bad faith rationale for not complying, is so egregious that Stuart requests Defendants be required to pay his attorney's fees and costs incurred in making this motion pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

**Relevant Factual and Procedural Background**

Stuart, a lieutenant employed by the Framingham Police Department ("FPD") for sixteen years, was placed on paid administrative leave on August 8, 2016, and terminated on or about February 22, 2017. On December 20, 2016, Stuart commenced this action, seeking redress against Simoneau, the Assistant to the Chief of Police of the Town of Framingham, and the

Town for, among other things, violating Stuart's federal civil rights. Complaint, Dkt. No. 1. The pending claims, sounding in both tort and contract, relate to one unifying theory: Defendants trumped up charges against Stuart and terminated him in retaliation after he complained about and attempted to stop Simoneau, the Chief of Police's top advisor, who was not a trained and qualified Police Officer, from indulging his Police Officer fantasy and pretending to be a regular Police Officer. See generally First Amended Complaint, Dkt. No. 20.

On March 27, 2017, counsel for the parties appeared for a Scheduling Conference and the following day the Court entered a Scheduling Order calling for the parties to exchange Initial Disclosures no later than April 6, 2017. See Dkt. Nos. 18, 19. On April 3, 2017, Plaintiff filed his First Amended Complaint, as a matter of right, and Defendants filed their Answer on April 12. See Dkt. Nos. 20, 22. Shortly thereafter, as discussed below, Plaintiff began serving written discovery requests.

## The Discovery at Issue

A.   Stuart's Requests for Production of Documents

On April 28, 2007, Stuart served his First Request for Production of Documents to the Town (the "Framingham Requests"). See **Exhibit A** (Framingham Requests). On May 17, 2017, he served his First Request for Production of Documents to Simoneau (the "Simoneau Requests"). See **Exhibit B** (Simoneau Requests).

On June 1, 2017, a few days after the Town's written responses and documents were due, Defendants' counsel requested additional time, until **June 16, 2017,** to respond to the Framingham Requests. See **Exhibit C** (Email from Defendants' counsel dated June 1, 2017). As Defendants' counsel recognized, June 16 was "also the date by which the Rule 34 requests to

3

Mr. Simoneau would be due." Id. Stuart's counsel agreed to the extension, and Defendants' counsel thanked Stuart's counsel "for [his] courtesy in this regard." Id.

June 16, 2017 came and went, but the Defendants failed to produce written responses or any documents or even contact Stuart's counsel to request a further extension. On June 19, 2017, Stuart's counsel emailed Defendants' counsel about the missed deadline and requested a conference pursuant to LR 7.1. See **Exhibit D** (Email from Plaintiff's counsel dated June 19, 2017). The following day counsel conferred and Stuart's counsel agreed to a further extension, until June 26, for the Town to provide its written responses. See **Exhibit E** (Email from Plaintiff's counsel dated June 21, 2017). The June 26 deadline came and went, but again the Town failed to produce written responses. On June 27, following the completion of two depositions at Plaintiff's counsel's office, Stuart's counsel asked Defendants' counsel about the status of the Town's written responses. Defendants' counsel, again, requested additional time to provide the Town's written responses given his scheduling conflicts and, again, Stuart's counsel obliged.

Twenty days later, on July 17, 2017, Stuart's counsel emailed Defendants' counsel inquiring whether the written responses and objections could be produced by the end of the week along with a production of hard copy, non-electronic documents. See **Exhibit F** (Emails among counsel between July 17-26, 2017), at 3. Stuart still voiced a willingness to "discuss reasonable extensions, but also want[ed] to ensure that discovery proceeds efficiently." Id. Two days later, on July 19, Defendants' counsel responded, expressing gratitude for Plaintiff's "ongoing patience" and "ongoing consideration." Id. at 2. He again promised he would soon provide written responses and hard copy documents, although the parties were in the midst of negotiating a protocol for the production of electronically stored documents:

4

> I realize that our responses are overdue and the only explanation I have is that they are a work in progress.  I have the written responses and objections well underway, and hopefully will get the Town's to you tonight.  We are in the process of compiling documents.  I will undertake to make a partial compliance of written documents while awaiting ESI documents.  **I regretfully request a further extension for time to do so.**  Perhaps after you see the written responses we can discuss your willingness to extend further time.

Id (emphasis supplied).  Later that day, Defendants' counsel represented that he would produce hard copy, non-Electronically Stored Information ("ESI") documents by **July 28, 2017**.  Id. at 1.  On July 26, 2017, Stuart's counsel wrote to confirm his understanding that Defendants would produce documents responsive to both sets of requests, excluding ESI, by July 28.  Id.  Despite an invitation to do so, Defendants' counsel did not respond to state that Stuart's counsel's understanding was incorrect.  Id.

The Town did not produce any documents by the July 28, 2017 deadline and, as of the date of this filing, Stuart has not received a single document from the Town.  Stuart has only received the Town's "preliminary" written responses.  See **Exhibit G** (Town's Preliminary Written Responses dated July 21, 2017)

B.      Stuart's Public Records Request

On June 6, 2017, while awaiting documents, Plaintiff sent a public records request to the Town asking for many of the same documents.  See **Exhibit H** (Public Records Request).  The Town refused to provide documents in response to the public records request on the basis that Plaintiff would obtain the requested documents through discovery in this litigation.  See **Exhibit I** (Letter from Town Counsel dated June 15, 2017).

C.      Interrogatories

Stuart served his First Set of Interrogatories to the Town (the "Town Interrogatories") and Simoneau (the "Simoneau Interrogatories") on June 8 and June 13, 2017, respectively. See **Exhibits J** (Town Interrogatories) and **K** (Simoneau Interrogatories). The **July 24, 2017** due date for the Town's answers came and went with no response, and with no request for an extension. The next day Stuart's counsel asked Defendants' counsel when the Town would respond. See **Exhibit L** (Email from Attorney Robbins to Attorney Cloherty dated July 25, 2017), at 2. Defendants' counsel wrote back apologizing and stating that he needed to follow up with his client because "[i]t fell off my radar." Id. Stuart's counsel agreed to an additional one-week extension and asked if Simoneau would be responding to his interrogatories at the same time. Id. at 1. Defendants' counsel confirmed on the phone that both sets of interrogatory answers would be served the following week, by August 4, 2017. Id.

As of the date of this filing, Defendants have not provided any answers to interrogatories.[1]

D.      ESI Protocol

In his June 1, 2017 email (Ex. C), discussed above, Defendants' counsel represented that it would be "quite burdensome and time consuming" to produce electronic documents, so he would initially provide written responses and objections while the parties conferred about potential ESI search terms, and stated that he would "likely be needing a similar extension of time for Mr. Simoneau's responses." Ex. C.

Once Defendants' counsel investigated the capabilities of the Town's technical ability to search for ESI, on June 19, 2017 Stuart's counsel provided draft parameters for collecting and

---

[1] Stuart's Second Set of Interrogatories to Brian Simoneau via First Class Mail on July 27, 2017, meaning that they are presently due on September 11, 2017.

producing electronic documents having.  See **Exhibit M** (Emails between Attorney Wish and Attorney Cloherty regarding ESI search parameters, dated June 19-July 28, 2017), at 10.  On June 27, Defendants' counsel asked if the search terms could be narrowed, and Stuart's counsel immediately agreed.  Id. at 9.

Over the next few weeks, Defendants' counsel opined that the searches as requested would be excessively burdensome, and Stuart's counsel agreed to discuss narrowing the terms, making multiple proposals for search terms the Town might use.  Id. at 2-7.  On July 25, Stuart's counsel proposed additional ways to reduce the Town's claimed burden, including hiring an outside vendor to collect the documents and run searches, and noted that doing so would allow for more targeted searching.  Id. at 2.  He requested that Defendants' counsel inform him how he intended to proceed by the end of the week because they "need[ed] to reach resolution in the near-term in order to move discovery along at an appropriate pace."  Id. Defendants' counsel responded that he had spoken with a few vendors to obtain quotes and would keep Stuart's counsel advised of the progress.  Id.  He also expressed his appreciation for Stuart's counsel's cooperation.  Id.  By the end of the week, **on July 28, 2017**, Defendants' counsel reiterated that he had spoken with a few vendors and was awaiting quotes and approval from the claims representative, stating that he was "optimistic (for now) that this arrangement will be feasible."  Id.

E.     Defendants' Sudden Refusal to Comply with Any Discovery Obligations

On Monday, July 31, 2017, after the Town did not produce any documents by the July 28, 2017 deadline, Stuart's counsel informed Defendants' counsel that it was time to take the Court up on its open invitation to participate in a telephonic conference as a way to expeditiously and efficiently resolve discovery disputes.  See **Exhibit N** (Emails among Attorney Wish and

Attorney Cloherty between July 31 and August 1, 2017), at 2.  Perhaps taken aback at the suggestion it was time to involve the Court, Defendants' counsel responded that he believed he was given until Friday August 4, 2017 to respond.  <u>Id.</u> at 1.  He was wrong: August 4 was the date by which Defendants had agreed to produce *interrogatory answers*, not anything relating to document requests.  <u>Id</u>.; <u>see</u> <u>also</u> <u>Ex</u>. <u>L</u>.  However, rather than seek a further extension, Defendants' counsel stated, *for the first time*, he was "likely" to request that the Court stay discovery "given the pending dispositive motion and the huge volume of documents being sought."  <u>Id</u>. at 1.  Plaintiff's counsel informed Defendants' counsel that, given his "newly stated position," Plaintiff would be filing a formal motion to compel.  <u>Id</u>.  In response, Defendants' counsel did not—and has not through the present—altered his position that Defendants might not seek a stay of discovery.  To the contrary, he has confirmed verbally that Defendants would be seeking a stay of discovery in response to Stuart's contemplated motion to compel.

F.      <u>Defendants' Actions Since Filing Their Motion for Judgment on the Pleadings</u>

Defendants filed their Motion for Judgment on the Pleadings, the so-called "dispositive" motion, on June 29, 2017.  Dkt. No. 27.  However, between June 29 and July 31, Defendants' counsel never indicated he was considering a motion to stay discovery "given the pending dispositive motion."  To the contrary, Defendants' counsel continued to engage in discovery conferences long after the Rule 12(c) motion was filed.  Indeed, on July 19, Defendants' counsel agreed to produce hard copy documents by July 28, 2017.  <u>Supra</u>.  On July 25, he committed to answering interrogatories by August 4, 2017.  <u>Supra</u>.  As late as July 28, he continued to negotiate an ESI protocol as though Defendants would be producing electronically stored documents.  <u>Supra</u>.  Defendants even served third-party subpoenas on August 8, 2017, a week after notifying Plaintiff that they would likely seek to stay discovery.  **Exhibit O** (Subpoena to

Produce Documents to Scott Brown); **Exhibit P** (Subpoena to Produce Documents to Keeper of Records for Framingham Superior Officers Union). They have demanded responses to those subpoenas, including suggesting that they may seek to move to compel, a position directly contrary to their expressed view that discovery should be stayed. **Exhibit Q** (Emails among Attorney Cloherty, Attorney Wish, and others on August 11, 2017).

## ARGUMENT

I.  **DEFENDANTS SHOULD BE ORDERED TO IMMEDIATELY ANSWER THE PROPOUNDED INTERROGATORIES, PRODUCE DOCUMENTS, AND PROVIDE A PRIVILEGE LOG**

This is not a complex motion to compel involving disputes over the discoverability of certain documents or applicability of asserted privileges; all Stuart asks is that Defendants respond to his discovery requests. There can be no argument that they are not required to do so under the rules of this Court and there is no reasonable excuse for their failure to do so by now.

The extensive discussions, multiple extensions, and expressed optimism and gratitude for Stuart's understanding and cooperativeness over the past three months all led Stuart to believe that the Defendants were planning to produce documents and answers to interrogatories as quickly as they were able. To promise and give every indication that the Defendants would do so only to turn around and suddenly claim that a stay is necessary because of a so-called "dispositive" motion is unfair, especially considering the fact that the motion is not, in fact, dispositive where it does not even seek to dispose of all of Stuart's claims.

Three months have passed since service of the document requests and interrogatories, and Defendants have proffered no valid excuse for why they have taken such an inordinately long period to provide even written responses to the interrogatories. Nor is there any good reason that the Defendants have failed to provide non-ESI documents that are maintained in hard-copy as

such documents are unaffected by the negotiated ESI protocol.  The Defendants should be required to produce those responses and hard copy documents immediately.[2]

The Defendants' unreasonable and prolonged delay in the production of documents is especially inappropriate in this case given that the requested documents are public records maintained by the Town pursuant to the Massachusetts Public Records Law, M.G.L. c. 66 §10, which calls for documents to be produced within ten business days.  There is no excuse for the Town's inability to produce documents to the same extent and on the same timeline it would be required to abide by in the ordinary course outside of the litigation context.  Cf. DaRosa v. City of New Bedford, 471 Mass. 446, 460–61 (2015) ("[W]e conclude that the administration of justice is better served by requiring a public agency to disclose in discovery any requested fact work product that would be disclosed pursuant to a public records act request—even if it would otherwise be protected under rule 26(b)(3) were it not a public record—rather than requiring the litigant to make a public records act request for these same documents.").

Stuart did, in fact, separately serve a public records request on the Town on June 6, 2017.  The Town's response was that Plaintiff would receive the documents through discovery in this litigation anyway so it refused to produce the public records.  The Town cannot have it both ways.  It cannot be permitted to avoid its clear obligations under the public records statute by deferring to the litigation and then avoid production in that context as well.

## II.     PLAINTIFF SHOULD BE AWARDED ATTORNEYS' FEES

Plaintiff should be awarded his attorneys' fees and costs associated with this motion to compel.  Employing one delay tactic after another, Defendants have sought to avoid their obligations by making and breaking promises to Plaintiff and taking advantage of Plaintiff's

---

[2] Plaintiff has separately moved for the entry of an ESI Order.  Defendants should be ordered, here, to produce ESI documents pursuant to the proposed ESI protocol set forth in the proposed Order attached to that motion.

10

counsel's desire to facilitate the discovery process cooperatively without judicial intervention. Defendants have forced Plaintiff to resort to filing this motion to get them to comply with the most basic requirements of Rules 33 and 34.  They have, in bad faith, claimed that a non-dispositive motion is a basis for stalling discovery by mislabeling it as a dispositive motion and asserting that Stuart is seeking a "huge volume" of documents despite his repeated, expressed willingness to work cooperatively with Defendants to appropriately tailor his discovery demands. All Plaintiff wants at this point is to receive some kind of legitimate, good faith response to its outstanding requests, but Defendant's insistence on stonewalling and partaking in gamesmanship has led Plaintiff to waste time and money seeking what it is undisputedly entitled to receive; the parties should not have to be before the court on this issue.

Failure to comply with a discovery request is grounds for the imposition of sanctions. See Fed. R. Civ. P. 37(a).  Here, there can be no question that Plaintiff spent the past three months attempting in good faith to obtain the requested discovery before filing this motion. Moreover, Defendants' failure to comply with the discovery requests at issue is not substantially justified.  See Notice v. DuBois, 187 F.R.D. 19, 20 (D. Mass. 1999) ("The standard of 'substantially justified'... has been said to have been satisfied if there is a 'genuine dispute,' or 'if reasonable people could differ as to [the appropriateness of the contested action]'" (internal citations omitted)).  This is not a case of a reasonable dispute between the parties in good faith over whether certain documents must be produced; the Defendants have simply failed to respond at all which is undoubtedly a violation of the Rules of Civil Procedure.  As a result, an award of attorneys' fees is appropriate in this case.  Cf. Demary v. Yamaha Motor Corp., U.S.A., 125 F.R.D. 20, 21 (D. Mass. 1989) (awarding attorneys' fees and costs where defendant failed to

answer interrogatories after deadline had passed and defendant had made and broken multiple promises responses by certain deadlines).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel should be ALLOWED and an order should enter requiring Defendants to: (i) produce responsive documents; (ii) answer the propounded interrogatories; and (iii) provide a privilege log consistent with Fed. R. Civ. P. 26(b)(5).  In addition, Defendants should be required to pay Plaintiff's reasonable attorneys' fees and costs incurred in bringing this motion.

        Respectfully submitted,

        VINCENT STUART

        By his attorneys,

        _/s/ Benjamin J. Wish_
        Seth J. Robbins (BBO # 655146)
        srobbins@toddweld.com
        Benjamin Wish (BBO # 672743)
        bwish@toddweld.com
        Alycia M. Kennedy (BBO # 688801)
        akennedy@toddweld.com
        TODD & WELD LLP
        One Federal Street, 27th Floor
        Boston, MA 02110
        T: 617- 720-2626

Dated: August 11, 2017

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that I served a true copy of the above document upon all parties with an interest in this matter by electronically filing through this Court's CM/ECF filing system this 11th day of August, 2017.

                                                        /s/ Benjamin J. Wish_____
                                                        Benjamin J. Wish