UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINCENT E. STUART, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 16-cv-12559 |
| TOWN OF FRAMINGHAM and BRIAN SIMONEAU, Assistant to the Chief of Police of the Town of Framingham, individually, | * |
| Defendants. | * |

MEMORANDUM & ORDER

January 26, 2018

TALWANI, D.J.

Pending before this court are three motions by Plaintiff Vincent Stuart: (1) a Motion to Compel Discovery from Defendants ("Mot. Compel Defs.' Discovery") [#41], (2) a Motion to Compel Ronald Brandolini's and Robert Downing's Compliance with Third-Party Subpoenas ("Mot. Compel Third-Party Subpoenas") [#44], and (3) a Motion for an Order to Enter Regarding Discovery of Electronically Stored Information ("Mot. for ESI Order") [#46]. For the reasons set forth below, the Motion for an ESI Order [#46] is ALLOWED IN PART and DENIED IN PART, the Motion to Compel Defendants' Discovery [#41] is ALLOWED IN PART and DENIED IN PART AS MOOT, and the Motion to Compel Third-Party Subpoenas [#44] is ALLOWED IN PART and DENIED IN PART.

I. Background

These motions stem from a long-simmering discovery dispute. Plaintiff states that as of August 11, 2017, Defendants Town of Framingham (the "Town") and Brian Simoneau had not

produced any documents or responded to Plaintiff's interrogatories. Pl.'s Mem. Re Defs.' Discovery 1 [#42]. In their opposition, Defendants counter that they have now produced over 2,600 pages of documents, provided answers to interrogatories directed at Simoneau, and are continuing to negotiate production of ESI. Defs.' Opp'n Pl.'s Mot. Compel Defs.' Discovery 1 [#49]. They also argue that Plaintiff's discovery requests have been unduly burdensome. Id. at 5. Further, Defendants request a stay of discovery pending the outcome of their Motion for Judgment on the Pleadings [#27].[1] Id.

II. Analysis

As an initial matter, Defendants' request for a stay of discovery is denied. Their Motion for Judgment on the Pleadings [#27] is directed at only two counts of the Amended Complaint [#20]. Thus, an overarching stay of all discovery is unnecessary.

a. *ESI Order*

Plaintiff seeks an order regarding discovery of ESI to "facilitate the appropriate maintenance, collection, review, and production of electronically stored information ("ESI") within the possession, custody, or control of the parties." Mot. for ESI Order 1 [#46]. Defendants counter that no such order is necessary, given their expectation that "the ESI vendor use of industry standard protocol for production will be consistent with the parameters sought by the Plaintiff and wholly satisfactory." Defs.' Opp'n Pl.'s Mot. for ESI Order ("Defs' Opp'n to ESI Order") 1 [#53]. Further, Defendants suggest that the order proposed by Plaintiffs adds unnecessary burden and irrelevant requirements. Id. at 2-3.

In light of the discovery delays to date, the court finds that deadlines for disclosure of shared drives and servers containing discoverable information, third-party data sources and the

---

[1] Both parties also request attorneys' fees and costs. These requests are denied.

ability to preserve such materials, and inaccessible data, Mot. for ESI Order, Ex. A ("Proposed ESI Order") ¶¶ A.1-A.3 [#46-1], for production of privilege logs, id. ¶ C.1, and for a requesting party's proposal of additional search terms within 14 days of receipt of a producing party's production, id. ¶ D.2.b, appear necessary. Accordingly, Defendants' objection to such deadlines is overruled.

Further, contrary to Defendants' interpretation, the court reads "non-custodial data sources" to refer to data sources over which Defendants have possession, custody or control, but which are not associated with one particular custodian, rather than data sources over which Defendants do not have possession, custody, or control. Thus, to the extent the proposed ESI Order requires both parties to search custodial and non-custodial data sources, see id. ¶ D.2.a, and where the producing party has possession, custody, or control over the non-custodial data sources, Defendants' objection is overruled.

However, the court agrees that requirements for production of hard-copy documents, see id. ¶ E, are outside the scope of an ESI order. Therefore, that section shall be stricken from the proposed ESI Order. Finally, to the extent the proposed ESI order requires a producing party to produce documents in a format or manner other than that contemplated by Federal Rule of Civil Procedure 34, such requirements are unduly burdensome. Thus, Section D.1 shall be amended to reflect that the format and manner for all productions must be consistent and coextensive with Federal Rule of Civil Procedure 34.

Accordingly, Plaintiff's Motion for an Order to Enter Regarding Discovery of Electronically Stored Information [#46] is ALLOWED IN PART and DENIED IN PART. The parties shall submit a revised proposed ESI Order consistent with the modifications set forth above, for this court's approval.

### b. *Motion to Compel Discovery from Defendants*

In his Motion to Compel Defendants' Discovery [#41], Plaintiff seeks (1) immediate production of written responses to interrogatories served on the Town and Simoneau and of responsive, hard-copy documents; (2) production of responsive, ESI documents once an ESI Order is entered; and (3) production of a privilege log.

### i. Interrogatories

Defendants represent that they have already provided written responses to the interrogatories propounded upon Simoneau, and that as of the date of their opposition, responses to the interrogatories propounded upon the Town were "underway" and "forthcoming in the immediate future." Defs.' Opp'n Pl.'s Mot. Compel Defs.' Discovery 3 [#49]. Thus, to the extent Plaintiff seeks Simoneau's interrogatory responses, his Motion to Compel Defendants' Discovery [#41] is DENIED IN PART AS MOOT. However, insofar as Defendants admit in their opposition that the Town's interrogatory responses have not yet been served, Plaintiff's Motion to Compel Defendants' Discovery [#41] is ALLOWED IN PART. Accordingly, to the extent such interrogatory responses have still not been served, the Town must respond within 7 days of the date of this order.

### ii. Production of Documents & Privilege Log

Defendants represent that, as of the date of their opposition, they have produced over 2,600 pages of hard-copy documents, 40,000 pages of documents in a related matter, and preliminary objections and answers to the requests for production. Defs.' Opp'n Pl.'s Mot. Compel Defs.' Discovery 2 [#49]. Missing from Defendants' opposition is an explanation for their delay in responding to Plaintiff's requests for discovery, an expected timeline for substantial completion of production of hard copy documents or conclusion of negotiations

regarding the scope of an ESI search, or acknowledgement of their obligation to produce a privilege log.

To the extent additional, responsive, non-privileged hard-copy documents are in Defendants' possession, custody, and control, those documents must be produced within 21 days of the date of this order. Further, within 21 days of the date of this order, Defendants must also provide supplemental answers to the requests for production that identify the Bates numbers of the documents responsive to each request.

With respect to ESI discovery, the parties shall complete any additional negotiations regarding the scope of the ESI search within 21 days of the date of this order. To the extent any ESI discovery falls within the agreed-upon scope of ESI, Defendants shall produce those responsive, non-privileged, ESI documents, as well as a supplemental response to requests for production that identify the Bates numbers of the documents responsive to each request, within 45 days of the date of agreement. To the extent Plaintiff seeks ESI discovery beyond the agreed-upon scope, he may file a renewed motion to compel by April 6, 2018. A privilege log shall be produced in accordance with the deadlines set forth in the Proposed ESI Order. See Mot. for ESI Order, Ex. A ¶ C.1 [#46-1]. Accordingly, Plaintiff's Motion to Compel Defendants' Discovery [#41] is ALLOWED IN PART, as set forth above.

III. Motion to Compel Compliance with Third-Party Subpoenas

In his Motion to Compel Third-Party Subpoenas [#44], Plaintiff seeks an order compelling two Framingham police officers—Brandolini and Downing—to comply with the third-party subpoenas served upon them. As grounds for his motion, Plaintiff states that to date, neither officer has responded to the subpoenas (other than to object), has requested an extension of time to respond, or has sought an order quashing or modifying the subpoenas. Pl.'s Mem.

5

Supp. Mot Compel Third-Party Subpoenas 5-6 [#45]. Defendants oppose the motion on behalf of Brandolini and Downing, arguing that these officers are non-parties, that they possess a privacy interest in their personal cell phone records that outweighs the need for discovery, and that the requests are overbroad. Defs.' Opp'n Pl.'s Mot. Compel Third-Party Subpoenas [#52].

The parties focus their dispute on whether Plaintiff is entitled to Brandolini's and Downing's personal cell phone records. To the extent Brandolini and Downing have in their possession, custody, or control any documents other than cell phone records that are responsive to the subpoenas, they have not articulated the burden of producing such materials. Brandolini and Downing shall produce such responsive, non-privileged documents within 15 days of the date of this order.

With respect to the personal cell phone records, the subpoena requests as written are overbroad. Further, as Defendants note, Brandolini and Downing have a general privacy interest in the content of their personal cell phone records. However, to the extent Brandolini and Downing were communicating with defendants or other previously identified witnesses in this case, any privacy interest in the fact or timing of those communications is outweighed by Plaintiff's need for discovery. Accordingly, the parties shall meet and confer regarding the production of redacted phone logs from Downing's personal cell phone device and Brandolini's government issued device, limited to entries showing the fact or timing of communication with the defendants or previously identified witnesses in this matter. In the event the parties cannot agree upon such redactions, they make seen further relief from this court. Accordingly, Plaintiff's Motion to Compel Third-Party Subpoenas [#44] is ALLOWED IN PART and DENIED IN PART, as set forth above.

IV.     Conclusion

For the foregoing reasons, and as set forth above, the Motion for an Order to Enter Regarding Discovery of Electronically Stored Information [#46] is ALLOWED IN PART and DENIED IN PART, the Motion to Compel Discovery from Defendants [#41] is ALLOWED IN PART and DENIED IN PART AS MOOT, and the Motion to Compel Ronald Brandolini's and Robert Downing's Compliance with Third-Party Subpoenas [#44] is ALLOWED IN PART and DENIED IN PART.

IT IS SO ORDERED.


Date: January 26, 2018                              /s/ Indira Talwani
                                                    United States District Judge